UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

In re:                          )   Bankr. No. 04-10322
                                )   Chapter 7
KRISTI L. THEUNISSEN           )
Soc. Sec. No. XXX-XX-6537      )   DECISION RE:  TRUSTEE'S
                                )   MOTION FOR TURNOVER
            Debtor.             )

The matter before the Court is the Motion for Turnover filed
by Trustee Forrest C. Allred and the responses thereto filed by
Debtor Kristi L. Theunissen and Debtor's mother, Doraine M.
Theunissen.  This is a core proceeding under 28 U.S.C. § 157(b)(2).
This Decision and accompanying order shall constitute the Court's
findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).
As set forth below, the Motion will be granted to the extent that
Debtor Kristi Theunissen must turn over to the estate the value of
her interest in the subject property on the petition date.

I.
SUMMARY.[1]

In 1997, Doraine Theunissen and her son Terry Johnson
purchased a home at 1207 South Lawson Street in Aberdeen.  The home
was purchased with cash; no mortgage existed.  Terry Johnson passed
away in April 2004.  Doraine Theunissen succeeded to his joint
tenancy interest, and she became the record sole owner on April 23,
2004.  Since June 1997, she has paid the real estate taxes and
insurance for the home.

---

[1]  The parties stipulated to many of the facts.  The others,
especially those regarding Debtor's bankruptcy filing, were
supplied by the case file.

-2-

On June 28, 2004, without the advice of legal counsel, Doraine Theunissen transferred the home to herself and her daughter, Kristi L. Theunissen, as joint tenants with right of survivorship. Doraine Theunissen, who was having significant health problems at the time, made this transfer "for convenience purposes and for the purpose of estate planning and eliminating anticipated probate expenses." Kristi Theunissen never lived in the Lawson Street home, and she did not give her mother any consideration in exchange for her joint tenancy.

Kristi Theunissen ("Debtor") filed a Chapter 7 petition in bankruptcy on November 15, 2004. Her schedule of real property did not include the Lawson Street home.

On November 24, 2004, Doraine Theunissen signed an agreement providing for the sale of the Lawson Street home for $112,500.00. Closing was scheduled for December 17, 2004. On November 24, 2004, Doraine Theunissen also agreed to purchase a home at 808 North State Street in Aberdeen on contract for $74,900.00. She intended to keep the difference to help pay her medical and other living expenses. The State Street home was placed only in Doraine Theunissen's name.

On December 9, 2004, Kristi Theunissen amended her schedule of real property to include the Lawson Street property. She stated on the amendment that she

contest[ed] the conveyance of the property [to her from her mother]" and that the amended schedule "should not be interpreted as an acceptance of the property. The [joint tenancy deed] was executed by the Debtor's mother as an estate planing tool only, without the Debtor's involvement, and with no consideration exchanged."

On December 9, 2004, case trustee Forrest C. Allred filed a turnover motion seeking Debtor's interest in the Lawson Street home. Both Debtor and Doraine Theunissen objected on the grounds that Debtor had no true ownership or equitable interest in the home. Doraine Theunissen also asked that Trustee Allred be ordered to abandon any interest in the house that the bankruptcy estate had so that she could complete the proposed sale of the home. The matter was submitted on stipulated facts and briefs.

In her briefs, Doraine Theunissen asked the Court to impose an implied trust on the Lawson Street home for her benefit. She cited S.D.C.L. § 55-1-11 and some cases in support of this theory. Debtor joined her mother's arguments on these briefs.

In his briefs, Trustee Allred urged the Court to consider only the recorded deeds and South Dakota law on joint tenancy at S.D.C.L. § 55-1-10, which, he argued, gave Debtor an undivided half interest in the Lawson Street home. Because of the familial relationship between Debtor and her mother, he argued the appropriate inference was that the joint tenancy was a presently intended gift. He also argued that the facts did not support the imposition of a constructive trust.

-4-

II.

Property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

> The scope of [this Bankruptcy Code section] is broad. It includes all kinds of property, including tangible and intangible property, causes of action . . . and all other forms of property specified in Section 70(a) of the Bankruptcy Act. . . . [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start.

S.Rep. No. 989, 95th Cong., 2d Sess. 823, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5868; H.R.Rep. No. 595, 95th Cong., 1st Sess. 367-68 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 6322-24 (cited in *Samore v. Graham (In re Graham)*, 726 F.2d 1268, 1270 (8th Cir. 1984)). Absent controlling federal law, however, state law is used to determine the debtor's interest in a particular type of property on the petition date. *Butner v. United States*, 440 U.S. 48, 54-55 (1979). Thus, the issue presented by Trustee Allred's turnover motion is what interest in the Lawson Street house did Debtor have on the petition date under South Dakota law?

Debtor and her mother have asked the Court to consider imposing a trust or reforming the warranty deed. Both actions are equitable in nature and recognized under South Dakota law.

IV.

IMPOSITION OF A TRUST.

Clearly, Doraine Theunissen did not create an express trust of the Lawson Street property naming her daughter as either the trustee or beneficiary. S.D.C.L. §§ 55-1-3 and -4. The circumstances also do not warrant the imposition of a constructive trust since Debtor has not unjustly breached any confidential relationship and promise to her mother regarding the property. In fact, no promise apparently was ever made since Debtor did not participate in the transfer. *Rehfield v. Flemmer*, 269 N.W.2d 804, 807 (S.D. 1978)("'one who has received a conveyance of real property, induced by a confidential relationship, and in consideration of a parol promise to hold the property in trust, will be converted into such a constructive trustee if he unjustly repudiates his promise'")(quoting therein *Schwartzle v. Dale*, 54 N.W.2d 361, 363 (S.D. 1952)).

State law recognizes situations, other than those arising from fraud, when an implied trust may be created. *See* S.D.C.L. §§ 55-1-6 through -10. This equitable tool is used to restore the status quo. *Knock v. Knock*, 120 N.W. 2d 572, 576 (S.D. 1963). For example, "[o]ne who gains a thing by ... mistake . . . is, unless he has some other and better right thereto, an implied trustee of the thing gained for the benefit of the person who would otherwise have had it." S.D.C.L. § 55-1-8. Thus, a court may impose an

implied trust when a mistake on a deed has been made if equity warrants, though the "presumption of law is that an instrument executed with the formality of a deed or contract deliberately entered into expresses on its face its true intent and purpose." *Knock*, 120 N.W.2d at 577. To overcome that presumption and impose an implied trust, the parole evidence must be clear and convincing. *Id.* (cites therein). The court must consider the attendant facts and circumstances of the transfer but it cannot create rights. *Id.* at 576.

Here, there is no evidence that Debtor received the property under any sort of promise to her mother. It is not even clear whether Debtor knew about the transfer before the petition date or understood its legal import. Most important, however, the stipulated facts state Doraine Theunissen intended to make a present transfer of the property to her daughter but only for the limited purpose of protecting the property from probate upon her death. Consequently, returning the parties to the status quo would not reflect Doraine Theunissen's intent, and it would require the Court to completely ignore the transfer that was intended. For those reasons, the facts do not support the imposition of an implied trust of the Lawson Street house exclusively for Doraine Theunissen's benefit.

IV.
REFORMATION.

For a court to reform a warranty deed, a mistake must exist whereby the intent of parties to the deed was not expressed in the language of the deed.  S.D.C.L. § 21-11-3; *Essignton v. Buchele*, 115 N.W.2d 129, 131 (S.D. 1962).  In making the reformation, the court does not make a new agreement for the parties; it instead "conforms the writing to the antecedent expressions on which the parties agreed."  *Id.* (cites therein).  The reformable mistake may be a mistake of law where the words of the agreement are as intended by the parties, but the legal effect of the words is not. *Id.* (citing Restatement, Contracts, § 504).  The reformation should not prejudice any rights under the deed acquired by third parties in good faith and for value.  S.D.C.L. § 21-11-1.  Moreover, "courts are properly reluctant to alter the terms of a written engagement even in equity, and do not do so unless the proof is clear and convincing[.]"  *Columbian National Life Insurance Co. v. Black*, 35 F.2d 571, 574 (10th Cir. 1929)(quoted in *Bedford v. Catholic Order of Foresters*, 44 N.W.2d 781, 783 (S.D. 1950)).

The evidence of the parties' intent in this instance is very limited.  Stipulated fact nos. 25, 37, and 38 provide, in order:

> That the reason Doraine Theunissen signed the deed placing Kristi Theunissen's name on the Lawson Street house was for convenience purposes and for the purpose of estate planning and eliminating anticipated probate expenses.

That Doraine Theunissen did not intend to make a present gift, and there was no present donative intent on her part to make any gift of the house when she placed Kristi Theunissen's name on the Deed to the Lawson Street property on June 28, 2004.

That Doraine Theunissen did not intend to convey any equitable or beneficial interest in the Lawson Street property to Kristi Theunissen by signing and recording the Deed to the Lawson Street property.

Further, Trustee Allred, Debtor, and Doraine Theunissen stipulated that Debtor did not pay any consideration for her interest in the property.[2]

Three conclusions can be gleaned from these limited, and somewhat incongruous, stipulated facts. First, Doraine Theunissen wanted to eliminate "anticipated" probate expenses regarding the Lawson Street house upon her (Doraine's) death. Second, Doraine Theunissen wanted her daughter to own the Lawson Street property upon her (Doraine's) death. Third, Doraine Theunissen wanted the legal transfer of the house to her daughter to be a simple procedure. Based on this record, therefore, it appears that the deed giving Debtor a present joint tenancy did not express her intent. Instead, Doraine Theunissen actually intended to convey

---

[2] Many of the parties' stipulated facts deal with what happened after Debtor filed bankruptcy, such as Doraine Theunissen's intention to sell the Lawson Street home. The only facts that are material are those that relate to the execution of the warranty deed. *See Butte County v. Gaver*, 49 N.W.2d 466, 468 (S.D. 1951)(rights of parties fixed when contract executed and subsequent circumstances could not create equity that court should recognize).

the house to her daughter Kristi while retaining a life estate for herself.  With this type of transfer, the property would stay with Doraine during her life but pass to Debtor upon Doraine's death. Doraine Theunissen's estate's legal costs to place the Lawson Street property in Debtor's name upon Doraine's death would be minimal, and the procedure to do so would be relatively simple. Thus, her intentions in making the transfer to her daughter would all be accomplished.

In contrast, to reform the contract to provide that Debtor did not hold *any* interest in the Lawson Street house on Debtor's petition date would, of course, be contrary to Doraine Theunissen's intent.  Thus, it would not be appropriate to reform the deed to eliminate any interest for Debtor on the petition date. Accordingly, the warranty deed giving Debtor Kristi Theunissen a joint tenancy with right of survivorship will be reformed to give Kristi Theunissen a remainder interest following her mother's life estate.  Debtor's remainder interest is, therefore, property of this bankruptcy estate that Debtor must turn over.  If the parties are unable to agree on the value of that remainder interest on the petition date, a valuation hearing, with appropriate appraisals, will be required.  If Debtor cannot reimburse the bankruptcy estate for that value from her post-petition assets, she may want to consider converting her Chapter 7 case to a Chapter 13 case where

-10-

the value can be recognized over time through plan payments.  *See* 11 U.S.C. § 1325(a)(4).

The Court is sympathetic to the effect Debtor Kristi Theunissen's bankruptcy is having on Doraine Theunissen and her property interests.  However, the Court cannot ignore a warranty deed that was freely made by Doraine Theunissen with certain legal expectations, namely to avoid probate costs.  *See Knock*, 120 N.W.2d at 577 (clear and convincing evidence required for finding that owner giving warranty deed to daughters actually intended to convey only legal title while he remained the beneficial owner).  It would be inequitable to recognize the transfer for only a probate but completely ignore it for all others legal purposes, including this bankruptcy.  *See Rehfeld*, 269 N.W.2d at 808 (Porter, J. dissenting).

An appropriate order will be entered.

So ordered this 25th day of May, 2005.

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

**MAY 2 5 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

Charles L. Nail, Jr., Clerk

BY:_____
Deputy Clerk
(SEAL)

(SEAL)

BY THE COURT:

_____
Irvin N. Hoyt
Bankruptcy Judge

**NOTICE OF ENTRY**
Under F.R.Bankr.P. 9022(a)
Entered

**MAY 2 5 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

Forrest C. Allred
14 Second Ave SE Ste B
Aberdeen, SD 57401


Joseph P. Barnett
Siegel, Barnett & Schutz, LLP
PO Box 490
Aberdeen, SD 57402-0490


David J. Fransen
PO Box 1433
Aberdeen, SD 57402


Bruce J. Gering
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321


Kristi L. Theunissen
311 Tenth Avenue Southwest
Aberdeen, SD 57401